Dear Representative Tucker:
Our office is in receipt of your opinion request letter of April 3, 2002 containing the following question: Does the definition of "organization" in LSA-R.S. 14:107.2 include members of the armed forces?
The statute defines as a "hate crime" certain activities targeted at people because of their "actual or perceived membership or service in, or employment with, an organization." The statute reads in pertinent part:
. . . D. "Organization", as used in this Section, means all of the following:
 (2) Any lawful corporation, trust, company, partnership, association, foundation, or fund.
 (2) Any lawful group of persons, whether or not incorporated, banded together for joint action on any subject or subjects.
 (3) Any entity or unit of federal, state, or local government.
It is the opinion of this office that the United States Armed Forces could fall within either section (2) or section (3) of the definition of "organization" as given in subsection (D) of LSA-R.S. 14:107.2. The Armed Forces are a lawful group of persons banded together for joint action on any subject or subjects, if military matters can be considered "subjects." Also, the Armed Forces is an entity of federal government, so the military could also fit under section (3) of the definition.
However, please keep in mind that all criminal statutes are interpreted in a strict fashion. The court in State v. Carr said, "It is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State." 761 So.2d 1271, 1274 (La. 2000). Therefore, this conclusion that the U.S. Armed Forces fall within either section (2) or section (3) ultimately would be subjected to judicial interpretation.
If the office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BURTON GUIDRY ASSISTANT ATTORNEY GENERAL
BG/cs/jy
Date Released: June 27, 2003